Filed 5/26/21  In re W.C. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION THREE

| | |
|---|---|
| In re W.C. et al., Persons Coming Under the Juvenile Court Law. | B309129 |
| DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 20CCJP05003A,B,C) |
| Plaintiff and Respondent, | |
| v. | |
| FRANCISCO C., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Julie Fox Blackshaw, Judge.  Reversed in part with directions.

Gina Zaragoza, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

Francisco C. (father) appeals from a dispositional order of the juvenile court that requires him to participate in an anger management program as a condition of reunifying with his three children.  Father contends that there was no evidence before the juvenile court that he had difficulty controlling his anger, and thus the requirement to complete an anger management program was an abuse of the juvenile court's discretion.  We agree with father that the order to complete an anger management program is not supported by the evidence, and thus we will strike that portion of the dispositional order.

## FACTUAL AND PROCEDURAL BACKGROUND

Father and Rosario L. (mother) have three children together:  Wilmer C. (born in May 2014), Luisa C. (born in July 2018), and Yareli C. (born in October 2019).  The parents met and married in Guatemala.  In 2019, the family attempted to enter the United States; mother and the children were able to enter, but father was deported.  Father has been living in Guatemala since his deportation.

*A.     Detention*

In September 2020, the Los Angeles County Department of Children and Family Services (DCFS) received a report that mother had hit six-year-old Wilmer on the face with a hanger, causing linear marks on the side of his face and a lump on the side of his head.  According to the caller, mother hit Wilmer every two or three days, causing him to sustain marks and bruises.

Police officers went to the family's home on September 18, 2020 and arrested mother for corporal injury to a child.  A social worker who accompanied the officers observed that Wilmer had what appeared to be two separate injuries—a welt and bruising on his face, and a scratch and welt on his forearm and bicep.  No

2

injuries were apparent on two-year-old Luisa or 10-month-old Yareli. The children were removed from mother and placed in foster care.

The family lived in a one-bedroom residence, which they shared with the maternal aunt, uncle, and cousins. The maternal aunt said mother had struck Wilmer on the face with a hanger after learning he had taken $250 from her wallet and then misplaced the money. Mother grabbed a plastic hanger and attempted to hit Wilmer on the back, but ended up striking his face when he moved. The aunt described mother as very loving with the children, and said she had never before observed mother hit any of the children with an object. The aunt reported mother had been overwhelmed since father was deported to Guatemala about a year earlier.

In September 2020, DCFS filed a petition alleging that the children were juvenile court dependents pursuant to Welfare and Institutions Code[1] section 300, subdivisions (a), (b), and (j) because mother physically abused six-year-old Wilmer "by grabbing the child's arm and striking the child's face with a hanger[,] inflicting multiple marks and bruises to the right side of the child's face [and] scratch and welt mark to the child's forearm and right bicep area." Mother's physical abuse of Wilmer was alleged to place all three children at risk of physical harm.

At the September 25, 2020 detention hearing, the juvenile court ordered the children detained from mother, finding that their safety could not be ensured in her custody. Father was found to be the children's presumed father.

---

[1] All subsequent undesignated statutory references are to the Welfare and Institutions Code.

*B.    Jurisdiction and Disposition*

In October 2020, Wilmer told the social worker that his mother would hit him with clothes hangers if he did not pay attention or was not obedient. She would also hit him with an open hand on his buttocks and would pinch him on his arm. Mother hit his little sisters when they would not let her change their diapers.

Two-year-old Luisa said mother hit all three children. She could not say where mother hit them or if mother hit them with objects.

The maternal aunt said she was aware that mother hit Wilmer with a hanger; she did not see it happen, but Wilmer told her about it. The aunt said mother also physically disciplined Luisa and Yareli.

Mother admitted hitting Wilmer only once, when he took money from her wallet that she needed to buy food and to pay the babysitter. Mother said she got so angry that she grabbed the first thing she saw, which was a clothes hanger. She intended to hit Wilmer on the arm, not the face. She felt remorse as soon as she realized what she had done. She began to cry and asked for Wilmer's forgiveness. Mother said she had never hit either of her daughters, and she did not know why Wilmer would say otherwise.

The social worker spoke to father by telephone in late October 2020. Father said he never saw mother hit the children, and he was surprised by the allegations. Father said he spoke to the children daily, and although Wilmer sometimes reported that mother got mad at him, he never said mother hit him.

At the November 18, 2020 jurisdiction and disposition hearing, the juvenile court sustained the petition as pled and ordered the children removed from both mother and father. As to father, the court said he had not sought custody of the children and, in any event, placing the children in father's care would not be appropriate "as the Department said he has alcohol issues."

With regard to disposition, father's counsel objected to DCFS's recommendation that father be required to participate in parenting and anger management classes, asserting that father was nonoffending and that there was no way for father to complete these programs in Guatemala. The court said it would sign the case plan, but would eliminate the parenting class requirement. The court said: "The children are not living with [father,] and given that he lives in Guatemala, it's not likely that they will be living with him any time soon. So I do not believe that there is much point in that program, but I will require the anger management program."

Father timely appealed from the dispositional order.

## DISCUSSION

Father makes a single contention on appeal—that the juvenile court abused its discretion by requiring him to complete an anger management program because there is no evidence that he has an anger management problem. For the reasons that follow, we agree.

Section 362 provides that if a child is adjudged a dependent child, the court "may direct any reasonable orders to the parents or guardians of the child who is the subject of any proceedings under this chapter as the court deems necessary and proper to carry out this section." (§ 362, subd. (d).) Consistent with this section, the juvenile court may require a nonoffending parent to

5

comply with dispositional orders, and may "address parental deficiencies when necessary to protect and promote the child's welfare, even when that parental conduct did not give rise to the dependency proceedings." (*In re K.T.* (2020) 49 Cal.App.5th 20, 24–25.)

" 'The juvenile court has broad discretion to determine what would best serve and protect the child's interests and to fashion a dispositional order accordingly.' " (*In re Natalie A.* (2015) 243 Cal.App.4th 178, 186.) On appeal, "[w]e review the juvenile court's disposition orders for an abuse of discretion (*In re Gabriel L.* (2009) 172 Cal.App.4th 644, 652), and review for substantial evidence the findings of fact on which dispositional orders are based. (*In re Francisco D.* (2014) 230 Cal.App.4th 73, 80.)" (*In re K.T., supra,* 49 Cal.App.5th at p. 25.)

Father contends that there is no evidence that he has a problem with anger, and we agree. Having reviewed the appellate record, we do not find a single reference to father displaying anger. Accordingly, the juvenile court's order that father participate in anger management classes was an abuse of discretion.

In its respondent's brief, DCFS contends that the juvenile court's order was supported by Wilmer's statement that father once disciplined him by hitting him with a belt. Although it unquestionably is true that hitting a four-year-old child with a belt is not an appropriate form of discipline, we do not agree with DCFS that use of a belt necessarily evidences "a parent's inability to restrain [himself] and choose age-appropriate and non-abusive discipline in moments of anger and frustration." To the contrary, it seems to us entirely conceivable that a parent might use a belt on a child not out of anger, but instead in the misguided, but

6

honestly-held, belief that corporal punishment is appropriate in some circumstances.  Wilmer's statement that father once hit him with a belt, therefore, does not support the trial court's order that father participate in an anger management program.

We note, finally, that there was no evidence before the court that father would be able to access an anger management program in Guatemala, where he now lives.  As another Court of Appeal has noted in an analogous context, "it is an abuse of discretion to make a dispositional order with the knowledge that a parent cannot participate in the ordered services.  No parent should be placed in this trap." (*In re J.P.* (2017) 14 Cal.App.5th 616, 626.)  In the absence of evidence that father could participate in an anger management program in Guatemala, it was an abuse of discretion to order father to complete such a program.

## DISPOSITION

The dispositional order is reversed in part with directions to strike the requirement that father participate in an anger management program, and is otherwise affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

I concur:

LAVIN, J.

**Egerton, J., Concurring and Dissenting.**

I agree we must reverse the order that Francisco C. (father) participate in anger management. I would remand for further proceedings for this reason: DCFS did not demonstrate that the parenting and anger management programs it was asking the court to order were available to father in Guatemala.

Wilmer told a social worker, "My dad would also hit me, but he would hit me with a belt. He only hit me once." Wilmer also said, "My dad would drink a lot."

DCFS asked the court to order both parents to participate in anger management and parenting programs. At the adjudication hearing, father's counsel objected, stating, "Father is non-offending. This is not part of a narrowly tailored case plan given no allegations were sustained against the father." Counsel also argued, "There's no way for father to complete any of the recommended programs from Guatemala." Father's counsel never contended that father hit Wilmer with a belt not in anger, but in a calm, deliberate manner, believing that conduct to be appropriate parental discipline.

Are there parents, in this day and age, who "honestly" and sincerely believe beating a four-year-old child with a belt is "appropriate in some circumstances?" (Maj. opn. at 6-7.) Perhaps. But those parents sorely need parenting classes. Here, if father hit four-year-old Wilmer with a belt believing it to be acceptable punishment, then parenting classes are an absolutely appropriate order. If, instead, he beat Wilmer in anger, then an anger management program is the appropriate order. Requiring both classes would not be an abuse of discretion in my view.

The problem, obviously, is that father lives in Guatemala. The record reflects he never has lived in the United States.

1

DCFS gave the court no information about whether parenting and anger management programs are available to father in Guatemala.  I would remand the case for DCFS to make such a showing, if it can.


EGERTON, J.